Peck, J.,
dissenting. In spite of the disparity between the strong case made by the state and the frailty of the defense, I am disturbed by several of the complaints made by the defendant.
One claim of prejudicial error concerns an exchange which occurred between the court and the county coroner called as a witness for the prosecution. This exchange, which occurred by interruption during cross-examination, can only be characterized as a cross-examination of the physician by the court and can only be construed as casting doubt on testimony which could otherwise have been favorable to the defendant. The trial judge also injected himself into the cross-examination of the defendant, wherein defendant was testifying as to the altercation resulting in decedent’s death. The focal point of the testimony at this point concerned the degree of force of a blow by defendant sufficient to leave a mark on decedent’s face, and the court interrupted the testimony to observe, “I think he would. I think anyone would if they hit hard enough.”
In the general charge to the jury, the court made the fol *120 lowing statement: “This ease, so far as the court is concerned, this court feels that this, is one of the simplest murder eases that I have heard in many years. Now just use your common sense and your good judgment and they won’t take you very far wrong.” It is the contention of the defendant that that statement taken in the context of the entire charge and of the court’s attitude throughout the trial was tantamount to an expression by the judge that he “believed this to be a case of murder, plain and simple, and if they used common sense and good judgment that they would not arrive at any other conclusion.” Without necessarily acquiescing in this conclusion, I express concern as to the possibility of the jury’s retirement to its deliberations uninfluenced by what it may reasonably have felt to be the trial court’s belief of the defendant’s guilt.
During its deliberations, the jury directed an inquiry to the court as to whether sentences would run concurrently or consecutively in the event of a finding of guilty, and the court declined to respond to this inquiry. Patently, the jury could only have been exploring the possibilities under a recommendation of mercy in propounding this question, and the defendant was entitled to have it instructed accurately on this subject. To say that the jury’s determination as to the extension of mercy would have remained unaltered had it been instructed that under such a recommendation sentences could be caused to run concurrently or consecutively within the discretion of the trial judge is a speculation in which I will not. indulge in the present circumstances.
My feeling is perhaps best expressed by the language in Judge Taft’s dissenting opinion in State v. Sheppard, 165 Ohio St., 293, 135 N. E. (2d), 340. Commenting on the defendant’s desire for an opportunity to prove his innocence at a new trial, Judge Taft observed (p. 312): “* * # this court should not deny him that opportunity by summarily determining that the errors at his trial were not prejudicial. On the record before this court, such a determination would represent in my opinion a mere and highly doubtful guess.” Here, I feel it to be a “mere and highly doubtful guess” to opine that sans the errors shown by this record a jury properly instructed as to the discretionary right of the trial court to impose consecutive sen *121 tences would have withheld a recommendation of mercy. On the contrary, 1 echo Judge Stewart’s dissenting expression in State v. Meyer, 163 Ohio St., 279, 291, 126 N. E. (2d), 585, “I think the error was so prejudicial that I am unwilling to vote to send defendant to the chair.”
Without singling out an individual occurrence from the record as reversible error, it is my conclusion that the matter? hereinabove specifically referred to and others, which if taken singly would be of even less significance, in combination probably prevented the defendant from receiving a fair and impartial trial.
Bell, J., concurs in the foregoing dissenting opinion.